UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ARTURO VILLARREAL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:15-CV-177-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, *Warden*, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Arturo Villarreal is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary-McCreary in Pine Knot, Kentucky.  Villarreal has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1; supplemented at R. 6], in which he challenges his federal drug and money laundering conspiracy convictions and his resulting life sentence.  Villarreal has paid the $5.00 filing fee.  [R. 10.]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  However, because Villarreal is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceeding, the Court accepts Villarreal's factual allegations as true and liberally construes his legal claims in his favor.  However, for the reasons set forth below, the Court

determines that Villarreal is not entitled to the relief which he seeks, and therefore his § 2241 habeas petition must be DENIED.

**I**

In January 1995, Villarreal was charged in federal court in Waco, Texas, with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One) and with conspiracy to launder money in violation of 18 U.S.C. § 1956(g) (Count Two). *United States v. Villarreal*, No. 6:95-CR-7-WSS-1 (W.D. Tex. 1995). On May 9, 1995, a superseding indictment was returned. [R. 430, therein.] On August 10, 1999, a second superseding indictment was returned that amended Count One by expanding the dates of the conspiratorial agreement and specifying that the conspiracy involved in excess of 1,000 kilograms of marijuana. Villarreal pleaded not guilty. At the conclusion of the trial which began on September 13, 1999, the jury found Villarreal guilty as charged. On October 6, 2000, the Trial Court sentenced Villarreal to: (1) a term of life imprisonment without release for his conviction on Count One; (2) a concurrent term of 240 months of imprisonment for his conviction on Count Two; and (3) ten years of supervised release.[1]

Villarreal appealed, but on September 7, 2001, the Fifth Circuit Court of Appeals affirmed Villarreal's conviction in an unpublished decision. *United States v. Villarreal*, 273 F.3d 1096, 2011 WL 1085194 (5th Cir. 2001). On March 4, 2002, the United States Supreme Court denied Villarreal's petition for writ of *certiorari*. *Villarreal v. United States*, 535 U.S. 910 (2002).

On March 5, 2003, Villarreal filed a motion in the district court, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *U.S. v. Villarreal*, No. 6:95-CR-7 (W.D.

---

[1] The district court record does not explain the lapse of time between the jury verdict rendered on September 14, 1999, and Villarreal's sentencing, which transpired a year later, in October of 2000.

2

Tex.) [R. 1189, therein.] The district court denied that motion on September 3, 2004. [R. 1208, therein.] Villarreal appealed and requested a certificate of appealability to challenge the denial of his § 2255 motion, *see id.*, R. 1213, 1214, therein, but the Fifth Circuit denied Villarreal's motion. [R. 1219, therein; *United States v. Arturo Villarreal, Jr.*, No. 04-51274 (5th Cir. Aug. 5, 2005).]

On March 20, 2009, Villarreal filed a motion to amend his § 2255 motion under Federal Rule of Civil Procedure 15, for the purpose of adding two new claims, arguing that the claims presented in his motion were meritorious and related back to the claims which he asserted in his original § 2255 motion. [R. 1226, therein.] The district court denied the motion, *see* R. 1227, therein, and Villarreal again appealed, *see* R. 1228, therein. On February 11, 2010, the Fifth Circuit denied Villarreal's motion for a certificate of appealability, concluding that Villarreal had failed to make a substantial showing that he had been denied a constitutional right in relation to any of his claims. [R. 1237, therein; *United States v. Arturo Villarreal, Jr.*, No. 09-50699 (5th Cir. Feb. 8, 2010).]

In May 2010, Villarreal filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. *Arturo Villarreal v. Eric D. Wilson*, No. 6: 10-CV-128-GFVT (E. D. Ky. 2010) [R. 2, therein] ("the First § 2241 Petition"). Villarreal argued in the First § 2241 Petition that (a) he was actually innocent of the drug conspiracy offense because he was convicted of conspiring with a confidential informant, which is a non-offense, and (b) the money laundering count prejudicially tainted the drug conspiracy count because the jury was allowed to consider evidence from two distinct conspiracies. [*Id.*]

3

On June 11, 2010, this Court denied the First § 2241 Petition, finding that Villarreal could not proceed under § 2241 via the savings clause set forth in 28 U.S.C. § 2255(e) because he had previously asserted the same claims in his § 2255 proceeding, and because he did not allege a claim of actual innocence. [*Id.*, R. 6 therein, reported at *Arturo Villarreal v. Eric D. Wilson*, 2010 WL 2365302 (E. D. Ky. Jun. 11, 2010).] Villarreal appealed, but the Sixth Circuit Court of Appeals affirmed the denial of the First § 2241 Petition, stating, "Villarreal simply does not cite any intervening change in the law that establishes his innocence." [*Id.*, R. 12, therein; *Arturo Villarreal v. Eric D. Wilson*, No. 10-5727 (6th Cir. Feb. 24, 2011). Three months later, the Sixth Circuit denied Villarreal's petition for rehearing. [*Id.*, R. 13, therein.]

**II**

**A**

In his § 2241 petition and supplemental § 2241 petition, Villarreal alleges that he is actually innocent of both the marijuana conspiracy charged in Count One of the second superseding indictment and the money laundering conspiracy charged in Count Two of the original indictment; that the prosecutor engaged in misconduct and "abused" the grand jury by obtaining the second superseding indictment and by enlarging the time frame of the marijuana conspiracy in violation of the applicable statute of limitations; that by not dismissing the superseding indictment, the district court improperly allowed the prosecutor to "constructively amend" the original indictment; and that the district court imposed an excessive sentence on both counts of which the jury found him guilty.

Villarreal alleges that in his opening statement and closing argument, the federal prosecutor made "flagrant, misleading and deliberate" comments "that allowed the jury to

4

convict Petitioner of cocaine and hahish [*sic*] not charged in the indictment." [R. 1, p. 7.] Villarreal contends that the federal prosecutor deceived the jury while eliciting testimony from various government witnesses; that the district court gave improper and/or ambiguous jury instructions; that the second superseding indictment did not relate back to the original indictment; and that that the testimony and evidence offered against him at trial was insufficient to support the jury's guilty verdict. Broadly construed, Villarreal alleges that during all stages of his criminal proceeding, he was denied due process in violation of his rights guaranteed by the Fifth Amendment of the U.S. Constitution. Accordingly, Villarreal asks this Court to vacate his sentence, dismiss the second superseding indictment, and release him from federal custody. [R. 1, p. 13; R. 6, p. 24.]

## B

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241, provides the primary avenue for federal prisoners

seeking relief from an unlawful conviction or sentence.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  Here, Villarreal does not challenge the manner in which the BOP is calculating or executing his sentence; instead, he again collaterally challenges the validity his underlying conviction and sentence, just as he did in the First § 2241 Petition.

The "savings clause" of § 2255(e) provides a narrow exception to this general rule, allowing a prisoner to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention.  28 U.S.C. § 2255(e).  This exception does not apply if a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or if he asserted the claim in a prior post-conviction motion under § 2255, but was denied relief.  *Charles*, 180 F.3d at 756.  Alleging various process violations during his criminal proceeding, Villarreal challenges his conviction and sentence under § 2241 via the "savings clause" of § 2255(e), but § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective.  *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  The remedy under § 2255 is not deemed inadequate or ineffective where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim, but was denied relief on it.  *Id*. at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002).  It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.  *Charles*, 180 F.3d at 756.

Villarreal has not carried that burden in this proceeding, because he either knew, or should have known, of the detailed facts and circumstances surrounding his current Fifth

Amendment claims (challenging the alleged actions and omissions of both the district court and the federal prosecutor) in March 2003, when he filed his § 2255 motion in the district court. Villarreal could have asserted these claims in that § 2255 motion, but he did not do so; alternatively, if Villarreal did assert his current claims in his § 2255 motion, the district court dismissed them when it denied his § 2255 motion.  Again, a federal prisoner may not use the "savings clause" of § 2255(e) to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 was "inadequate or ineffective" to test the legality of his detention, and that showing cannot be made if the prisoner either failed to present his claims in a § 2255 motion, or if he actually asserted the claim(s) under § 2255, but was denied relief on the claim(s). *Charles*, 180 F.3d at 756.

Villarreal cannot seek another bite of the apple simply by asserting new arguments which he could have but failed to assert in his § 2255 motion, or by re-asserting the same claims which were previously rejected.  *Charles*, 180 F.3d at 756-58; *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003).  Section § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").  For these reasons, Villarreal has not established that his remedy under § 2255 was inadequate or ineffective" to test the legality of his detention.

Further, to the extent that Villarreal continues to challenge various aspects of his concurrent sentences, Villarreal does not allege that he is actually innocent of the marijuana conspiracy and money laundering offenses of which he was convicted; he instead challenges

only the amount of time which he was ordered to serve in prison.  In other words, Villarreal does not allege that he "stands convicted of 'an act that the law does not make criminal.'"  *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended the savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held that claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241.  *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012).  Because the savings clause of § 2255 extends only to petitioners who challenge their underlying convictions, not their sentences, Villarreal's challenge to any aspect of his sentence does not establish grounds for relief under 28 U.S.C. § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence."  *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.

8

The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Villarreal repeatedly alleges in his current § 2241 petition that he is "actually innocent" of the two offenses of which the jury found him guilty, but he cites no case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction and sentences.

Thus, Villarreal has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug conspiracy and money laundering offenses of which he was convicted. Because Villarreal is not entitled to relief from his conviction and sentences under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

### III

Accordingly, it is hereby **ORDERED** as follows:

1       Petitioner Arturo Villarreal's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1; as amended at R. 6] is **DENIED**.

2.      The Court will enter an appropriate Judgment.

3.      This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This March 25, 2016.

Gregory F. Van Tatenhove
United States District Judge